UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WINTERSPRING DIGITAL LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>    Defendant. | §<br>§<br>§<br>§   **JURY TRIAL DEMANDED**<br>§<br>§   **Case No. 2:23-cv-00259-JRG-RSP**<br>§<br>§<br>§<br>§ |

**DEFENDANT'S RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................1

II. STATEMENT OF ISSUES ...........................................................................................1

III. LEGAL STANDARD ...................................................................................................2

    A. Lack of Standing ............................................................................................... 2

    B. Failure to State a Claim..................................................................................... 3

IV. ARGUMENT .................................................................................................................4

    A. **Winterspring Lacks Standing to Bring This Lawsuit** ............................................. 4

    B. **Winterspring Fails to State a Claim**.................................................................... 5

        1. Winterspring Fails to Sufficiently Plead Direct Infringement ..................................... 6

        2. The Court Should Dismiss Winterspring's Indirect Infringement Allegations for the '692 Patent.................................................................................................. 12

        3. The Court Should Dismiss Winterspring's Pre-Suit Willful Infringement Allegations ................................................................................................. 13

        4. Winterspring's Complaint Alleges No Plausible Claim for Injunctive Relief ........... 14

V. CONCLUSION ............................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arigna Tech. Ltd. v. Bayerische Moren Werke AG*,
    No. 2:21-cv-00174-JRG, 2022 WL 610796 (E.D. Tex. Jan. 24, 2022) ..............................13, 14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)....................................................................................................................3, 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................................................3

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021)......................................................................................................11

*Bowlby v. City of Aberdeen*,
    681 F.3d 215 (5th Cir. 2012).......................................................................................................3

*Chapterhouse, LLC v. Shopify, Inc.*,
    No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 10, 2018)...................... *passim*

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
    No. 6:14-cv-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015).........................4, 12

*Freedman Seating Co. v. Am. Seating Co.*,
    420 F.3d 1350 (Fed. Cir. 2005) ..................................................................................................4

*Gardner v. Engenious Designs LLC*,
    No. 2:21-cv-02364-HLT-ADM, 2021 WL 5493054 (D. Kan. Nov. 22, 2021) ........................11

*L.M. Sessler Excavating & Wrecking, Inc. v. Bette & Cring, LLC*,
    Case No. 16-CV-06534-FPG, 2017 WL 4652709 (W.D.N.Y. Oct. 17, 2017).........................6

*Land v. Dollar*,
    330 U.S. 731 (1947)....................................................................................................................2

*Lormand v. U.S. Unwired, Inc.*,
    565 F.3d 228 (5th Cir. 2009).......................................................................................................4

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)....................................................................................................................2

*Metricolor LLC v. L'Oreal S.A.*,
    791 F. App'x 183 (Fed. Cir. 2019)..............................................................................................4

*Morrow v. Microsoft Corp.*,
    499 F.3d 1332 (Fed. Cir. 2007)...................................................................................................2

*N. Star Innovations, Inc. v. Micron Tech., Inc.*,
   No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017) .......................................6

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*,
   No. 2:16-cv-1032-JRG, 2017 WL 8727249 (E.D. Tex. Sept. 22, 2017) ................................13

*Rite-Hite Corp. v. Kelley Co.*,
   56 F.3d 1538 (Fed. Cir. 1995) ...............................................................................................5

*Ruby Sands LLC v. Am. Nat'l Bank of Tex.*,
   No. 2:15-cv-1955-JRG, 2016 WL 3542430 (E.D. Tex. June 28, 2016) .............................3, 4

*Script Sec. Sols., LLC v. Amazon.com, Inc.*,
   No. 2:15-cv-1030-WCB, 2016 WL 6433776 (E.D. Tex. Oct. 31, 2016) ............................3, 5

*SIPCO, LLC v. Streetline, Inc.*,
   230 F. Supp. 3d 351 (D. Del. 2017) .......................................................................................7

*Superior MRI Servs. v. All. HealthCare Servs.*,
   778 F.3d 502 (5th Cir. 2015) ..................................................................................................3

*Tyco Healthcare Grp. LLP v. Ethicon Endo-Surgery, Inc.*,
   587 F.3d 1375 (Fed. Cir. 2009) ..............................................................................................5

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
   No. 2:16-cv-642-JRG, 2017 WL 11632209 (E.D. Tex. May 16, 2017) .................................4

*Williamson v. Tucker*,
   645 F.2d 404 (5th Cir. 1981) ..................................................................................................2

**Statutes**

35 U.S.C. § 100(d) ..........................................................................................................................2

35 U.S.C. § 271(a) ..........................................................................................................................4

35 U.S.C. § 281 ...............................................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 8 ..............................................................................................................................3

Fed. R. Civ. P. 12 ................................................................................................................1, 2, 3, 5

## I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Hewlett Packard Enterprise Company ("HPE") moves to dismiss the complaint of Plaintiff Winterspring Digital LLC ("Winterspring") (Dkt. 1, "Complaint") for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

*First*, HPE contests Winterspring's standing to bring this suit. The assignment records at the USPTO indicate Winterspring is not the current assignee of the asserted patents. Winterspring, therefore, does not have standing to bring an infringement claim for patents in which it has no current interest.

*Second*, the Complaint fails to provide adequate notice to HPE of Winterspring's infringement theories. Specifically, for its direct infringement claims, Winterspring makes bare bone allegations that simply name an HPE product then recite each element of the asserted patents—a paragon of the "[y]our product infringes my patent claim" pleading that courts routinely dismiss for failing to meet the *Twombly*/*Iqbal* standard. Winterspring's indirect and pre-suit willful infringement claims fare no better—Winterspring identifies no third-party that HPE allegedly induces to infringe and fails to include any factual allegations that HPE knew about the patents-in-suit, much less facts that support Winterspring's allegation that HPE intentionally or knowingly infringed them. As such, this Court should dismiss the Complaint under Rule 12.

## II. STATEMENT OF ISSUES

1. Whether Winterspring has standing to bring this lawsuit.

2. Whether Winterspring alleges facts sufficient to support its direct infringement claims of U.S. Patent No. 7,164,692 (the '692 Patent) and U.S. Patent No. 7,420,975 (the '975 Patent).

3.  Whether Winterspring alleges facts sufficient to support its indirect infringement claim of the '692 Patent.

4.  Whether Winterspring alleges facts sufficient to support its pre-suit willful infringement claims.

## III. LEGAL STANDARD

### A. Lack of Standing

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss any claims over which the Court lacks subject matter jurisdiction. The "irreducible constitutional minimum of standing" requires that the plaintiff has suffered an injury-in-fact, a causal connection between that injury and the defendant's alleged conduct, and a likelihood that a favorable ruling will redress the plaintiff's injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

In the patent context, only "[a] 'patentee' is entitled to bring a 'civil action for infringement of his patent.'" *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007) (quoting 35 U.S.C. § 281). The "patentee" includes the party to whom the patent issued and the "successors in title to the patentee." *Id.* (quoting 35 U.S.C. § 100(d)). Plaintiffs in patent cases who do not have any rights in the asserted patents "lack constitutional standing," and "[t]his standing deficiency cannot be cured by adding the patent title owner to the suit." *Id.* at 1341.

The plaintiff bears the burden of showing jurisdiction, and parties may offer factual evidence bearing on that question. *See Williamson v. Tucker*, 645 F.2d 404, 413–15 (5th Cir. 1981). Resolving that factual issue is reserved for the district court, not the jury, unless the jurisdictional issue is inextricably intertwined with the merits of the underlying dispute. *See id.* at 413 ("It is elementary that a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. Jurisdictional issues are for the court—not a jury—to decide, whether they hinge on legal or factual determinations."); *Land v. Dollar*, 330 U.S. 731,

735 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion, . . . the court may inquire by affidavits or otherwise, into the facts as they exist."). The plaintiff asserting federal jurisdiction must establish standing by a preponderance of the evidence. *See Superior MRI Servs. v. All. HealthCare Servs.*, 778 F.3d 502, 504 (5th Cir. 2015). "These principles apply with full force in patent cases." *Script Sec. Sols., LLC v. Amazon.com, Inc.*, No. 2:15-cv-1030-WCB, 2016 WL 6433776, at *3 (E.D. Tex. Oct. 31, 2016).

B.   **Failure to State a Claim**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to have a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). The pleader's obligation to state the grounds of entitled relief requires "more than labels and conclusions" to survive a Rule 12(b)(6) motion. *Id.*

The pleader must allege claims that "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Pleadings that are "no more than conclusions" are "not entitled to the assumption of truth." *Id.* at 679 (internal citations omitted). Instead, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). "[T]o state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent.'" *Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955-JRG, 2016 WL 3542430, at *2 (E.D. Tex. June 28, 2016) (Gilstrap, J.). "The complaint must contain enough

factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim." *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *1 (E.D. Tex. Dec. 10, 2018) (Gilstrap, J.) (citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009)).

Under 35 U.S.C. § 271(a), "an accused product or process is not infringing unless it contains each limitation of the [asserted] claim, either literally or by an equivalent." *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005). To state a claim for relief, a plaintiff "must explicitly plead facts to plausibly support" that the accused products infringe on the asserted patent. *See Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:16-cv-642-JRG, 2017 WL 11632209, at *2 (E.D. Tex. May 16, 2017) (Gilstrap, J.); *see also Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019) (plaintiff failed to sufficiently plead a claim of patent infringement where it did not allege that accused products contained all the limitations in the asserted claims).

Conclusory allegations that an accused product meets all limitations of an asserted claim are insufficient. "It is well-settled that '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015) (Gilstrap, J.) (quoting *Iqbal*, 556 U.S. at 678); *Ruby Sands*, 2016 WL 3542430, at *2 (reiterating the requirement that the plaintiff must "explicitly plead facts to plausibly support" its infringement allegation).

IV.   **ARGUMENT**

    A.   **Winterspring Lacks Standing to Bring This Lawsuit**

Winterspring does not have standing to bring this lawsuit. According to the assignment records of the USPTO, the '692 Patent is assigned to Intellectual Ventures Assets 169 LLC. Dale

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** – Page 4

Decl. Ex. A at 1. According to the assignment records of the USPTO, the '975 Patent is assigned to Intellectual Ventures Assets 162 LLC. Dale Decl. Ex. B at 1. This evidence contradicts Winterspring's conclusory statement in the Complaint that it "is the sole and exclusive owner of all right, title, and interest in the '692 and '975 Patents." Compl. ¶ 9. While there is a security interest assigned *from* Winterspring back to Intellectual Ventures, the USPTO does not have an assignment *to* Winterspring on record. And despite numerous attempts by HPE to resolve this issue without burdening the Court, Winterspring refuses to produce evidence of its ownership in the Patents-in-Suit, unless HPE agrees to forego a motion to dismiss **on any grounds**. Dale Decl. Ex. C.

Because the evidence at the USPTO directly contests Winterspring's ownership interest, Winterspring has not "demonstrate[d] that it held enforceable title at the inception of the lawsuit." *Tyco Healthcare Grp. LLP v. Ethicon Endo-Surgery, Inc.*, 587 F.3d 1375, 1378 (Fed. Cir. 2009); *see Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995) ("Generally, one seeking money damages for patent infringement must have held legal title to the patent at the time of the infringement."); *see Script*, 2016 WL 6433776, at *4 ("The issue of ownership goes to the plaintiff's standing to bring an infringement action."). This Court should, therefore, dismiss Winterspring's claim under Federal Rule of Civil Procedure 12(b)(1) unless Winterspring can meet its burden "to demonstrate, by a preponderance of the evidence, that it owns the [asserted patents]." *Script*, 2016 WL 6433776, at *4.

### B. Winterspring Fails to State a Claim

This Court should also dismiss the Complaint for failure to state a claim. The Complaint's claims of direct infringement, indirect infringement, and willful infringement are all woefully deficient and should be dismissed.

### 1.       Winterspring Fails to Sufficiently Plead Direct Infringement

Winterspring fails to provide any factual allegations supporting its direct infringement claims. Specifically, the Complaint simply lists an HPE product and states, without any factual support, that it performs each step, or includes each element, of the asserted claim. As a result, the Court should dismiss both direct infringement claims.

### a.       The Court should dismiss Winterspring's direct infringement claim of the '692 Patent

Winterspring's Complaint fails to plead sufficient facts to plausibly support its allegation that HPE directly infringes the '692 Patent. Winterspring alleges that HPE "has and continues to directly infringe at least claim 10 of the '692 Patent by making, using, offering to sell, selling, and/or importing into the United States products that receive, convert, and monitor 10GE LAN signals." Compl. ¶ 16. Winterspring vaguely alleges that the "HPE BladeSystem c-Class 10gb SFP+ SR Transceiver" is one exemplary product, and infringes method claim 10. *Id.* ¶ 17.

The Complaint lacks any factual allegations. District courts assessing the sufficiency of infringement allegations under Rule 12 generally agree that pleadings that ultimately boil down to "your product infringes my patent claim" do not satisfy the *Twombly*/*Iqbal* standard. *See Chapterhouse*, 2018 WL 6981828, at *2 (holding that plaintiff's infringement allegations, an exemplary claim accompanied by "supporting" screenshots, were deficient under *Twombly*/*Iqbal*); *N. Star Innovations, Inc. v. Micron Tech., Inc.*, No. 17-506-LPS-CJB, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017) (finding that plaintiff's complaint that merely "cop[ied] the language of a claim element, then baldly stat[ed] . . . that an accused product ha[d] such an element" failed under *Twombly*/*Iqbal*); *see also L.M. Sessler Excavating & Wrecking, Inc. v. Bette & Cring, LLC*, Case No. 16-CV-06534-FPG, 2017 WL 4652709, at *4 (W.D.N.Y. Oct. 17, 2017) (concluding that plaintiff failed to satisfy the pleading standard for its direct infringement claim where its complaint

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – Page 6**

alleged that defendant performed each step of the patent claim at issue by "parroting the patent claim and prefacing it with an introductory attribution to [d]efendant"); *SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) ("Plaintiff makes two factual allegations. One, here are ten patents we own. Two, you sell some products, which we have identified. Plaintiff makes a legal conclusion, to wit, the sales of your products infringe ou[r] patents. This is insufficient to plausibly allege patent infringement.").

As shown in the color-coded chart below, paragraph 18 of the Complaint merely includes the conclusory statement "[f]or example, the HPE BladeSystem c-Class 10gb SFP+ SR Transceiver performs," followed by verbatim replication of the limitations of claim 10:

| '692 Patent, Claim 10 | Compl. ¶ 18 |
| --- | --- |
| 10. A method for transferring a 10GE LAN client signal from a transport system to a client system, comprising:<br><br>receiving the 10GE LAN client signal transmitted over the transport system;<br><br>converting the 10GE LAN client signal to an intermediate signal;<br><br>recovering clock data from the intermediate signal;<br><br>recovering a data stream from the intermediate signal;<br><br>reconverting the intermediate signal to the 10GE LAN client signal;<br><br>transferring the 10GE LAN client signal to a client system; and<br><br>monitoring the intermediate form with a monitoring device, wherein the monitoring device is a 10GE LAN media access controller. | For example, the HPE BladeSystem c-Class 10gb SFP+ SR Transceiver performs a method of transferring 10GE LAN client signals from a transport system to a client system comprising receiving the 10GE LAN client signal transmitted over the transport system, converting the 10GE LAN client signal to an intermediate signal, recovering clock data from the intermediate signal, recovering a data stream from the intermediate signal, reconverting the intermediate signal to the 10GE LAN client signal; transferring the 10GE LAN client signal to a client system; and monitoring the intermediate form with a monitoring device wherein the monitoring device is a 10GE LAN media access controller. |

Compl. ¶ 18. In other words, Winterspring's Complaint does nothing more than provide the name of an HPE product and regurgitate the elements from claim 10 of the '692 Patent.

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** – Page 7

This Court has previously held that a similar recitation of the claim language, "on its own, is a mere conclusory statement, and in order to pass the *Iqbal/Twombly* standard, there must be accompanying factual allegations." *Chapterhouse*, 2018 WL 6981828, at *2. In *Chapterhouse*, for each claim limitation, the plaintiff simply included the statement "[t]he Shopify System includes," followed by a replication of the claim limitation, and screenshots without any explanation. In response to the plaintiff's arguments, this Court disagreed that the screenshots themselves are factual allegations and granted the defendant's motion to dismiss. *Id.* Here, Winterspring does *even less* than the plaintiff in *Chapterhouse*. Winterspring provides no screenshots or images that could be useful in laying out a plausible allegation of patent infringement; indeed, Winterspring provides no factual allegations at all.

Notably, in each of Plaintiff's 11 other complaints asserting infringement of the '692 Patent, Winterspring uses the same boilerplate recitation of claim 10, changing only the name of the accused product. *See, e.g., Winterspring Digital LLC v. Fujitsu Ltd.*, 2:23-cv-00269, Dkt. 1 ¶ 18 ("For example, Fujitsu PSWITCH 2048 performs a method of transferring 10GE LAN signals . . . ."). [1] Winterspring's boilerplate statements and conclusions lack any factual allegations whatsoever, and therefore fail to satisfy the *Iqbal/Twombly* pleading standard. The Court should dismiss Count I.

---

[1] *See also Winterspring Digital LLC v. Lenovo Group Ltd.*, 2:23-cv-00258, Dkt. 1 ¶ 18; *Winterspring Digital LLC v. Broadcom Inc.*, 2:22-cv-00402, Dkt. 1 ¶ 20; *Winterspring Digital LLC v. Fortinet Inc.*, 2:22-cv-00013, Dkt. 1 ¶ 20; *Winterspring Digital LLC v. Marvell International, Ltd.*, 2:23-cv-00024, Dkt. 1 ¶ 21; *Winterspring Digital LLC v. Mediatek Inc.*, 2:23-cv-00012, Dkt. 1 ¶ 20; *Winterspring Digital LLC v. Renesas Electronics Corp.*, 2:23-cv-00025, Dkt. 1 ¶ 20; *Winterspring Digital LLC v. Trend Micro Inc.*, 2:22-cv-00247, Dkt. 1 ¶ 21; *Winterspring Digital LLC v. Check Point Software Technologies Ltd.*, 2:23-cv-00244, Dkt. 1 ¶ 18; *Winterspring Digital LLC v. Microchip Technology Inc.*, 2:23-cv-00013, Dkt. 1 ¶ 20; *Winterspring Digital LLC v. Palo Alto Networks, Inc.*, 2:22-cv-00246, Dkt. 1 ¶ 20.

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – Page 8**

### b. The Court should dismiss the direct infringement claim for the '975 Patent

Winterspring's Complaint also fails to plead facts plausibly supporting its allegation that HPE directly infringes the '975 Patent. Winterspring alleges that HPE "has and continues to directly infringe at least claim 5 of the '975 Patent by making, using, offering to sell, selling, and/or importing into the United States products that perform packet tagging." Compl. ¶ 27. And again Winterspring vaguely alleges that the "HPE FlexFabric 5820 Switch" is one exemplary product, and infringes apparatus claim 5. *Id.* ¶ 28.

Winterspring's Complaint similarly lacks any factual allegations for claim 5 of the '975 Patent. As shown in the color-coded chart below, paragraph 28 of the Complaint merely includes the conclusory statement "[f]or example, the HPE FlexFabric 5820 Switch includes," followed by verbatim replication of the limitations of claim 5. *Id.*

| '975 Patent, Claim 5 | Complaint, ¶ 28 |
|---|---|
| 5. An apparatus, comprising: a network processor interface suitable for coupling to a network processor; a central processor interface suitable for coupling to a central processor; a protocol determination logic block to determine a protocol type of data in a packet, wherein the protocol determination logic compares the protocol information in a first pass to predetermined values to procedure a first result and, if the first result is positive, compares the protocol information in a second pass to predetermined values to produce a second result, the first and second results forming a set of results; and a tag select logic block to apply a tag to the packet indicating that the packet has an unknown protocol type if the first result is negative and if the first result is positive the packet should be sent to either the central processor interface or the network processor interface based on the set of results. | For example, the HPE FlexFabric 5820 Switch includes an apparatus comprising a network processor interface suitable for coupling to a network processor and a central processor interface suitable for coupling to a central processor. Upon information and belief, the HPE FlexFabric 5820 Switch further includes a protocol determination logic block to determine a protocol type of data in a packet, wherein the protocol determination logic compares the protocol information in a first pass to predetermined values to procedure a first result and, if the first result is positive, compares the protocol information in a second pass to predetermined values to produce a second result, the first and second results forming a set of results (e.g., VLAN tagging). Upon information and belief, the HPE FlexFabric 5820 Switch further comprises a tag select logic block to apply a tag to the packet indicating that the packet has an unknown protocol type if the first result is negative and if the first result is positive, the packet should be sent to either the central processor interface or the network processor interface based on the set of results. |

As with its allegations for the '692 Patent, Winterspring provides only the name of an HPE product and restates the claim language of claim 5 of the '975 Patent. And again, in each of Plaintiff's 11 other complaints asserting infringement of the '975 patent, Winterspring uses the same boilerplate recitation of claim 5, changing only the name of the accused product.[2] There are simply no factual allegations supporting its claim of infringement.

---

[2] *See, e.g., Winterspring Digital LLC v. Fujitsu Ltd.,* 2:23-cv-00269, Dkt. 1 ¶ 28; *Winterspring Digital LLC v. Lenovo Group Ltd.*, 2:23-cv-00258, Dkt. 1 ¶ 28; *Winterspring Digital LLC v. Broadcom Inc.*, 2:22-cv-00402, Dkt. 1 ¶ 30; *Winterspring Digital LLC v. Fortinet Inc.*, 2:22-cv-00013, Dkt. 1 ¶ 30; *Winterspring Digital LLC v. Marvell International, Ltd.*, 2:23-cv-00024, Dkt. 1 ¶ 31; *Winterspring Digital LLC v. Mediatek Inc.*, 2:23-cv-00012, Dkt. 1 ¶ 30; *Winterspring*

Winterspring's inclusion of "on information and belief" and the parenthetical "(e.g., VLAN tagging)" cannot salvage its Complaint. First, courts frequently hold that "conclusory assertions based largely 'on information and belief' . . . do[] not meet even the relatively forgiving plausibility standard." *Gardner v. Engenious Designs LLC*, No. 2:21-cv-02364-HLT-ADM, 2021 WL 5493054, at *3 (D. Kan. Nov. 22, 2021) (citing *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021)). Second, the complaint contains no explanation of how "VLAN tagging" satisfies the limitation preceding the parenthetical "a protocol determination logic block to determine a protocol type of data in a packet, wherein the protocol determination logic compares the protocol information in a first pass to predetermined values to procedure a first result and, if the first result is positive, compares the protocol information in a second pass to predetermined values to produce a second result, the first and second results forming a set of results." Compl. ¶ 28. Winterspring includes no factual allegation or statement that VLAN tagging—which was introduced by Cisco in 1998—requires or even includes a two-pass comparison. Indeed, the plaintiff in *Chapterhouse* included ***more detailed*** parenthetical statements and explanatory text, yet this Court nonetheless held the pleadings failed to satisfy the *Twombly/Iqbal* standard. *See Chapterhouse, LLC v. Shopify, Inc.,* E.D. Tex. 2:18-cv-00300, Dkt. 1, ¶ 15 ("The Shopify System includes a database (e.g. MySQL) that stores a plurality of sales transaction history (e.g. transaction history, order and product information) between a plurality of buyers and sellers."). Here, Plaintiff has pleaded far less than Chapterhouse. Winterspring's boilerplate statements and

---

*Digital LLC v. Renesas Electronics Corp.*, 2:23-cv-00025, Dkt. 1 ¶ 30; *Winterspring Digital LLC v. Trend Micro Inc.*, 2:22-cv-00247, Dkt. 1 ¶ 31; *Winterspring Digital LLC v. Check Point Software Technologies Ltd.*, 2:23-cv-00244, Dkt. 1 ¶ 29; *Winterspring Digital LLC v. Microchip Technology Inc.*, 2:23-cv-00013, Dkt. 1 ¶ 30; *Winterspring Digital LLC v. Palo Alto Networks, Inc.*, 2:22-cv-00246, Dkt. 1 ¶ 30.

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** – Page 11

conclusions are completely devoid of supporting factual allegations, and thus fail to satisfy the *Iqbal/Twombly* pleading standard.  The Court should also dismiss Count II.

### 2. The Court Should Dismiss Winterspring's Indirect Infringement Allegations for the '692 Patent

The Court should dismiss Winterspring's indirect infringement allegations for the '692 Patent because the Complaint fails to provide any factual support for its claim.  Claim 10 of the '692 Patent is a ***method*** claim.  Winterspring's indirect infringement allegations state merely that "Defendant . . . knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '692 Patent by providing these products to end users for use in an infringing manner." Compl. ¶ 20.  Critically absent from Plaintiff's Complaint is any allegation that any HPE customer uses an HPE product in a manner that performs the steps of method claim 10.  Absent any allegation of direct infringement by a third party, Winterspring's indirect infringement allegations must fail.  *Chapterhouse*, 2018 WL 6981828, at *4 (dismissing indirect infringement claim when the plaintiff "fail[ed] to include even general allegations stating how [the defendant] indirectly infringes or how some other party, such as a customer, directly infringes at the behest of [the defendant]").

Additionally, Winterspring has failed to provide any factual allegations describing ***how*** HPE purportedly induces end users or its customers to use the products in an infringing manner.  Such conclusory allegations fail to provide HPE with adequate notice of Plaintiff's theory of induced infringement.  *See Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015) (Gilstrap, J.) (dismissing induced infringement allegations and holding that "[w]hile the complaint alleges a direct infringer—namely Apple's manufacturers and customers—it fails to allege any facts that establish a plausible inference that Apple had the specific intent to induce its customer's actions, and knowledge that

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** – Page 12

those actions amounted to infringement . . . [and] generic allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim").

Although this Court has held "it is not a high bar to plead indirect infringement," as in *Chapterhouse,* "that bar has not been met here." *Chapterhouse*, 2018 WL 6981828 at *4. Plaintiff has "failed to include even general allegations stating" how HPE indirectly infringes, or that HPE's customers directly infringe by performing the steps of claim 10 at the behest of HPE. *Id.* Thus, Winterspring has also failed to provide adequate notice of its indirect infringement theory, and the Court should dismiss the indirect infringement allegations of Count I.

### 3. The Court Should Dismiss Winterspring's Pre-Suit Willful Infringement Allegations

The Court should dismiss the pre-suit willful infringement claim because Winterspring similarly fails to plead any factual allegations that HPE knew of the patents-in-suit prior to the filing of this lawsuit. "A claim for willful infringement must allege that infringement was 'intentional or knowing.'" *Arigna Tehc. Ltd. v. Bayerische Moren Werke AG*, No. 2:21-cv-00174-JRG, 2022 WL 610796, at *7 (E.D. Tex. Jan. 24, 2022) (Gilstrap, J.) (citing *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, No. 2:16-cv-1032-JRG, 2017 WL 8727249, at *2 (E.D. Tex. Sept. 22, 2017) (Gilstrap, J.)). Winterspring does not even allege that HPE had pre-suit knowledge of either patent, nor does it allege any facts suggesting that HPE knew of the patents-in-suit prior to Winterspring's filing of this action. Similar to the plaintiff in *Arigna,* Winterspring only alleges that HPE had knowledge of the '692 and '975 Patents from the filing of the Complaint. *See* Compl. ¶¶ 20–21 ("Defendant, with knowledge that these products, or the use thereof, infringe the '692 Patent ***at least as of the date of this Complaint***"), 30–31 ("Defendant, with knowledge that these products, or the use thereof, infringe the '975 Patent ***at least as of the date of this Complaint***")

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** – Page 13

(emphases added). Thus, the Court should dismiss Winterspring's pre-suit willfulness allegations for failing to state facts that HPE's alleged infringement was intentional or performed with knowledge of the asserted patents. *See Arigna,* 2022 WL 610796, at *7 ("Faced with a total absence of facts in the Complaint to suggest that Nissan had pre-suit knowledge of the '850 Patent, the Court concludes that Arigna has failed to state a claim for pre-suit willful infringement.").

### 4. Winterspring's Complaint Alleges No Plausible Claim for Injunctive Relief

Finally, the Court should dismiss Winterspring's request for injunctive relief because it lacks factual support. All of Winterspring's allegations in support of its demand that HPE be permanently enjoined are that "Winterspring has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '692 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court." Compl. ¶ 23; *see also id.* ¶ 33 (same allegations for '975 Patent). Winterspring's conclusory allegations do not even state all the legal elements for injunctive relief, let alone recite any facts plausibly showing that Winterspring is entitled to such relief. The Court should dismiss such requests for injunctive relief.

## V.   CONCLUSION

The Court should dismiss Winterspring's claims because it lacks standing to bring this case. Further, and independently, the Court should grant HPE's motion dismissing Winterspring's claim for: (1) direct infringement of the '692 and '975 Patents; (2) indirect infringement of the '692 Patent; (3) pre-suit willful infringement of the '692 and '975 Patents; and (4) injunctive relief.

Dated:  August 7, 2023                                         Respectfully submitted,

                                                    **WINSTON & STRAWN LLP**

By:  */s/ Barry K. Shelton*
Barry K. Shelton
State Bar No. 24055029
bshelton@winston.com
Ahtoosa A. Dale
State Bar No. 24101443
adale@winston.com
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Robert N. Kang
CA State Bar No. 274389
rkang@winston.com
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile:  (903) 255-0800
Email:  jdoan@haltomdoan.com
              jthane@haltomdoan.com

*Attorneys for Defendant
Hewlett Packard Enterprise Company*

## CERTIFICATE OF SERVICE

    I hereby certify that on August 7, 2023, a true and correct copy of the foregoing document was filed via ECF and served on all counsel of record registered to receive service through such means.

                                            */s/ Jennifer H. Doan*
                                            Jennifer H. Doan